IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICVT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI PRASHKER-THOMAS | : | Chapter 13 Bankruptcy |
| | : | |
| | : | |
| Debtor | : | Case No. 5-26-bk-02096 |

# MOTION TO APPROVE STIPULATION RESOLVING OBJECTIONS TO PROOF OF CLAIM No. 2 FILED BY JUDITH KORAL dba 311 MARKET

Creditor Judith Koral dba 311 Market ("Creditor"), by and through her counsel, Kevin M. Walsh, Esquire, moves this Court to approve a Stipulation Resolving disputes concerning Proof of Claim No. 2 and in support is the following:

1. By short history, Debtor had entered into and/or guaranteed a three-year commercial lease with Creditor ending about July 1, 2027. Debtor voluntarily vacated the premises on about December 31, 2025. The security deposit was 1,550.00.

2. Subsequent to lengthy discussions, the parties through counsel have arrived at a stipulation to resolve the issues and disputes concerning Proof of Claim No. 2. A true and correct copy of the proposed Stipulation Resolving Objections To Proof of Claim No. 2 is attached hereto as Exhibit "1"

3. Simply stated, the Stipulation provides that, Creditor will withdraw Proof of Claim No. 2; cause the pending but stayed, Magisterial District Court civil action to be marked settled, ended and discontinued; and, retain the security deposit.

WHEREFORE, Movant requests that an Order be entered granting the Motion and allowing the Parties stipulated resolution and modifying the provisions of the automatic stay to the extent necessary to allow the contemplated retention of the security

deposit to occur together with such other and further relief as this Court deems just and appropriate.

Kevin M. Walsh, Esquire
I.D. No. 35209
Attorney for Movant
297-299 Pierce Street
Kingston, PA 18704
(570) 283-3041
kmwesq@aol.com

**A PROPOSED ORDER IS ATTACHED AND WILL BE EMAILED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICVT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI PRASHKER-THOMAS** | : | **Chapter 13 Bankruptcy** |
| | : | |
| | : | |
| **Debtor** | : | **Case No. 5-26-bk-02096** |

# STIPULATION RESOLVING OBJECTIONS TO PROOF OF CLAIM No. 2 FILED BY JUDITH KORAL dba 311 MARKET

**This Stipulation** is made by and between, Debtor Lori Prasher-Thomas, by and through her counsel, Carlo Sabatini, Esquire and Creditor Judith Koral dba 311 Market Street, by and through her counsel, Kevin M Walsh, Esquire.

**STIPULATION.** The parties hereby stipulate, as follows:

1. **Creditor** filed Proof of Claim No. 2 contending a claim of about $12,000.00 arising out of a commercial lease and guaranty.

2. By short history, Debtor had entered into and/or guaranteed a three-year commercial lease with Creditor ending about July 1, 2027. Debtor voluntarily vacated the premises on about December 31, 2025. The security deposit was $1,550.00.

3. Subsequent to lengthy discussions, the parties through counsel have arrived at a stipulation to resolve the issues and disputes concerning Proof of Claim No. 2.

4. **Resolution.** To finally settle and resolve the respective contentions, disputes and disagreements arising with respect to Proof of Claim No. 2 and the commercial lease at 311 Market Street, Kingston, pending court approval, it is agreed:

A. Creditor will withdraw and discontinue Proof of Claim No. 2;

B. Creditor will mark the pending but stayed, Magisterial Court civil action settled, ended and discontinued; and,

C. Creditor will retain the security deposit.

**5.** The parties hereby consent to, and request, the entry of an Order approving this Stipulation.

**6.** The parties agree this Stipulation may be executed in counterparts and that the counterparts together shall constitute a fully executed Stipulation. The parties agree that a facsimile or emailed signature shall be considered as an original signature.

**SO AGREED AND STIPULATED TO:**

Dated: October 13, 2026

By: Carlo Sabatini Esquire

Carlo Sabatini, Esquire

Attorney for Debtor

Dated: October 13 2026

By: ______________________

Kevin Walsh, Esquire

Attorney for Creditor

Consented To or No Opposition By:

______________________

Jack Zaharopoulos, Esquire
Chapter 13 Trustee